UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                    CASE NO: 19-40119-KKS
                                          CHAPTER 7
MARTHA DE LA CARIDAD MOLINA,

    Debtor(s).
_____/


MARY W. COLÓN, TRUSTEE,

    Plaintiff,
vs.                                       Adversary Case No. _____

MARTHA DE LA CARIDAD MOLINA,

    Defendant(s).
_____/

## COMPLAINT FOR DENIAL OF DISCHARGE UNDER 11 U.S.C. §727

MARY W. COLÓN, CHAPTER 7 TRUSTEE (hereinafter "Trustee") hereby brings this action pursuant to 11 U.S.C. §727 for denial of the discharge of debtor(s) Martha De La Caridad Molina and states:

    1.    This Court has jurisdiction pursuant to 28 U.S.C. §1334.

    2.    This is an action objecting to the Debtor(s)' discharge

Page 1 of 4

pursuant to 11 U.S.C. §727(a)(2)(B), 11 U.S.C. §727(a)(4)(A), and 11 U.S.C. §727(a)(6)(A).

3. This is a core proceeding.

4. Martha De La Caridad Molina filed for bankruptcy relief under Chapter 7 of the U.S. Bankruptcy Code on 03/11/19 in the Tallahassee Division of the Northern District of Florida case number 19-40119-KKS.

5. Plaintiff is the duly appointed and qualified Trustee of the bankruptcy estate.

6. A discharge has not been entered in Debtor's case.

7. Debtor filed schedules, statements, and related documents under oath in his/her bankruptcy and swore he/she owned no real property, was single, and was entitled to the wild card exemption under Fla. Stat. §222.25(4).

8. The initial meeting of creditors under §341(a) of the Bankruptcy Code was set for 04/15/19.

9. Debtor requested a continuance and the meeting was not held until 5/20/2019.

10. Trustee requested bank statements from the debtor for the

90 days prior to filing bankruptcy. Debtor failed to provide at the 341 meeting and did not provide until after.

11. Trustee followed up with Debtor's attorney regarding a $4,000 check written by debtor.

12. Trustee was advised it was for a medical procedure for her adult son.

13. Trustee requested a receipt and documentation.

14. The Trustee was provided with a credit card receipt instead of a cash receipt for a procedure performed over 2 months after filing.

15. Trustee has requested turnover of the funds but to date has not received.

16. Debtor failed to disclose this payment on her schedules or a transfer of funds to her son.

17. The monies were paid on the eve of debtor filing bankruptcy in an attempt to hinder, delay or defraud creditors.

18. Debtor knowingly and fraudulently in connection with the case made a false oath or account.

WHEREFORE, trustee requests a judgment denying the

discharge of the Defendant, and for such further relief as this Court deems proper.

DATED this June 14, 2019.

/s/ Mary W. Colón
MARY W. COLÓN
Chapter 7 Trustee
Smith, Thompson, Shaw, et al
Post Office Box 14596
Tallahassee, FL  32317
Florida Bar No. 0184012
Phone:  (850) 241-0144
Facsimile: (850) 702-0735
trustee@marycolon.com

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Mary W. Colon, chapter 7 trustee | DEFENDANTS<br><br>Martha De La Caridad Molina |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Mary W. Colon, Smith Thompson<br>3520 Thomasville Rd, 4th Floor,<br>Tallahassee, FL 32309 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor       ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

objection to discharge

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

Exhibit "A"

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Martha De La Caridad Molina | BANKRUPTCY CASE NO.<br>19-40119 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Florida | DIVISION OFFICE<br>Tallahassee | NAME OF JUDGE<br>Specie |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*[signature]* | | |
| DATE<br>6-14-19 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mary W. Colón | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.